# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

| | |
|---|---|
| JAMES A. MARKHAM, | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * |
| | *  CV 511-095 |
| HALL WORLDWIDE | * |
| TRANSPORTATION, LLC, | * |
| and STAR INSURANCE | * |
| COMPANY | * |
| | * |
| | * |
| Defendants. | * |

**ORDER**

Presently before the Court is Defendant Star Insurance Company's ("Star") Motion to Dismiss. Dkt. No. 16. For the reasons stated below, Defendant's motion is **DENIED**.

Star moves for dismissal of Plaintiff's claims based on Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a cause of action against Star. Plaintiff's Complaint is a brief, five-page pleading asserting that Jeremy Dane Hancock negligently operated a tractor trailer on May 20, 2011, causing an accident on State Route 31 in Coffee County, Georgia. According to Plaintiff's Complaint, Hancock's conduct caused harm to the Plaintiff. The Complaint goes on to state that Hancock was operating the tractor trailer within the course

of his employment with Hall Worldwide Transportation, LLC, ("Hall") when the accident occurred. Accordingly, Plaintiff seeks to hold Hall liable for his injuries.

The Complaint also states that Star was listed as the registered insurer for Hall at the time the Complaint was filed. The Complaint states that Star is a proper party to the suit pursuant to O.C.G.A. § 46-7-12. That statute stated, in relevant part:

> It shall be permissible under this article for any person having a cause of action arising under this article in tort or contract to join in the same action the motor carrier and its surety, in the event a bond is given.

O.C.G.A. § 46-7-12(e). Since the filing of this lawsuit, § 46-7-12 was repealed, and the Georgia legislature passed the Georgia Motor Common Carrier Act of 2012. The 2012 Act included O.C.G.A. § 40-1-112(c), which is substantially similar to the previous § 46-7-12(e). Section 40-1-112(c) states:

> It shall be permissible under this part for any person having a cause of action arising under this part to join in the same action the motor carrier and the insurance carrier, whether arising in tort or contract.

The plain language of the statute clearly indicates that where a plaintiff has a cause of action against a Georgia motor carrier, that plaintiff may join the carrier's insurer as a party to the lawsuit. As such, the previous version of this provision was interpreted to provide "a right of action against

2

not only the carrier but directly against its insurer as well." Sapp v. Canal Ins. Co., 706 S.E.2d 644, 683 (Ga. 2011). The Court has no reason to diverge from the previous view, and holds that O.C.G.A. § 40-1-112(c) also provides a right of action against both a motor carrier and its insurer.

Star does not argue that Hall is not a Georgia motor carrier, that it was not Hall's insurer, or that Plaintiff does not have a cause of action against Hall. Rather, Star argues that Plaintiff has not pled sufficient facts to establish a claim against Star. Plaintiff states clearly the factual basis for his claim against Hall. Plaintiff provides the time, date, and location of the disputed accident and asserts that Hall is a common carrier. Plaintiff further alleges that Star was Hall's insurer at the time. Plaintiff has adequately asserted a claim against Star under Georgia law. Star has received adequate notice of the factual basis for Plaintiff's claim and is able to defend against that suit. For these reasons, Star's Motion to Dismiss is **DENIED**.

**SO ORDERED**, this 15th day of August, 2012.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA