JAMES A. MARKHAM,

        Plaintiff,

v.

HALL WORLDWIDE
TRANSPORTATION, LLC,
and STAR INSURANCE
COMPANY,

        Defendants.

CIVIL ACTION NO. CV511-095

## ORDER

This lawsuit arises out of a traffic accident between Plaintiff, who was driving a log truck, and Jeremy Hancock ("Mr. Hancock"), who was driving a tractor-trailer owned by Defendant Hall Worldwide Transportation, LLC ("Hall"). Mr. Hancock allegedly rear-ended Plaintiff's log truck and did not survive the accident. Plaintiff alleges that Mr. Hancock was negligent per se by violating O.C.G.A. § 40-6-49, which prohibits motorists from following too closely. Plaintiff also alleges that Mr. Hancock operated his tractor-trailer negligently. Plaintiff alleges that Hall is vicariously liable for the negligent acts of its employee, Mr. Hancock, under the doctrine of respondeat superior. Plaintiff asserts that he has incurred and will continue to incur medical expenses, physical and mental pain and suffering, and lost wages.

AO 72A
(Rev. 8/82)

Defendants filed a Motion in Limine to exclude from evidence portions of the testimony of Plaintiff's accident reconstruction expert, Jeffrey Kidd ("Mr. Kidd"). (Doc. No. 33). Defendants move to exclude Mr. Kidd's opinions that (1) Mr. Hancock was traveling too fast for conditions and (2) Mr. Hancock violated Federal Motor Carrier Safety Regulations. Defendants contend that both opinions are based purely on conjecture.

The Court of Appeals for the Eleventh Circuit has set forth a three-part inquiry for courts to consider when determining the admissibility of expert testimony. This Court must consider whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). Essentially, Defendants argue that the contested portions of Mr. Kidd's testimony are not based on a sufficiently reliable methodology as determined by the sort of inquiry mandated in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), and its progeny.

Generally, factors to consider when evaluating reliability include: (1) whether the expert's theory has been tested, (2) whether the theory has been subjected to peer review or publication, (3) the potential rate of error of the technique used, and (4) whether the technique is generally accepted in the relevant scientific community. Frazier, 387 F.3d at 1262. However, those factors are not always applicable. As Mr. Kidd's testimony is based primarily on experience, the test for reliability is found in the

Advisory Committee's Notes to Federal Rule of Evidence 702.[1] Mr. Kidd "must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." FED. R. EVID. 702, Advisory Committee's Notes.

1. **Mr. Kidd's opinion that Mr. Hancock was traveling too fast for conditions** – Defendants argue that Mr. Kidd's opinion that Mr. Hancock was traveling too fast for conditions is based on conjecture because Mr. Kidd does not know the speed at which Mr. Hancock was traveling. Defendants assert that because Mr. Kidd does not know the speed at which Mr. Hancock was traveling it is impossible for him to opine that Mr. Hancock was driving too fast no matter what the road conditions were. Additionally, Defendants argue that this opinion is based on conjecture because Mr. Kidd has no evidence to show that there were any weather conditions that would have required Mr. Hancock to decrease his speed below a normal, reasonable rate.[2]

Plaintiff asserts that Mr. Kidd's opinion is this: *if* fog were present on the roadway, as the Defendants contend, then Mr. Hancock was traveling too fast for conditions. Plaintiff states, in his Response to Defendant's Motion, that Mr. Kidd's opinion is based upon the nature and violence of the impact; the Georgia and Missouri Commercial Motor Vehicle Driver's Manuals, which state that a commercial trucker must be able to bring his vehicle to a stop within the range of his vehicle's headlights; that Mr. Hancock was not able to bring his vehicle to a stop within the range of his

---

[1] The court in Frazier stated that the "same criteria that are used to assess the reliability of a scientific opinion *may* be used to evaluate the reliability of non-scientific, experience-based testimony . . . [but] sometimes other questions may be more useful." Frazier, 387 F.3d at 1262 (emphasis added and citations omitted). Since the test laid out in the Advisory Committee's Notes is specific to expert opinions based on experience, the Court finds it to be the more useful test.

[2] Whether fog was present on the roadway at the time of the accident is a fact disputed in this case.

3

vehicle's headlights; and Mr. Kidd's extensive training in accident investigation. The expert report produced by Plaintiff states that in forming his opinions Mr. Kidd reviewed photographs of the accident; the depositions of Plaintiff, Jimmy Partain, and Sergeant Fallin; documents produced by the Georgia State Patrol; and David Brill's opinion sheet. However, Plaintiff has not shown how Mr. Kidd's experience, coupled with his document and evidence review, lead him to the conclusions he reached, why his experience is a sufficient basis for his opinions, and how his experience was reliably applied to the facts of this case. Likewise, Mr. Kidd's deposition testimony does not connect the dots.

The Court cannot find, at this time, that Plaintiff has presented a sufficient foundation for the Court to determine that Mr. Kidd's testimony meets the reliability prong of the Frazier test. However, the Court does not assume that Plaintiff will be unable to do so. Mr. Kidd will be allowed to testify that if fog were present on the roadway, as the Defendants contend, then Mr. Hancock was traveling too fast for conditions only if Plaintiff establishes, at trial, that Mr. Kidd's experience, on which Plaintiff intends to qualify him as an expert, provides him with a sufficient basis for the formation of his opinions and that his experience lead to the conclusions he reached through application of his experience to the facts. This portion of Defendants' Motion is **DENIED** at this time.

2. **Mr. Kidd's opinion that Mr. Hancock violated Federal Motor Carrier Safety Regulations** – Defendants argue that Mr. Kidd's opinion that Mr. Hancock violated Federal Motor Carrier Safety Regulations ("the FMCSR") is based on conjecture because Mr. Kidd has not seen Mr. Hancock's logbook and thus has no

AO 72A
(Rev. 8/82)

knowledge and no information regarding whether Mr. Hancock was off duty for 10 consecutive hours prior to the trip during which the accident occurred. Defendants state that Mr. Kidd should not be allowed to testify that Mr. Hancock violated the FMCSR by not keeping his logbook entries current. Plaintiff argues that because Defendants failed to produce Mr. Hancock's logbook they should be afforded an adverse inference and that Mr. Kidd should be allowed to testify that Mr. Hancock was likely driving beyond the allowable number of hours.

The parties seem to be arguing about two different things. Although their argument intertwines the two possible FMCSR violations, Defendants ultimately wish to exclude any testimony by Mr. Kidd that Mr. Hancock violated the FMCSR by not keeping his logbook entries current. Plaintiff wishes to include testimony by Mr. Kidd that Mr. Hancock likely violated the FMCSR by driving beyond the allowable number of hours. The expert report produced by Plaintiff states that it is Mr. Kidd's opinion that Mr. Hancock violated the FMCSR by not keeping his logbook entries current; however, Mr. Kidd was questioned about both potential FMCSR violations during his deposition.

Mr. Kidd testified that he has requested on numerous occasions Mr. Hancock's logbook entries and that he has not been provided those logbook entries. (Doc. No. 34-1, p. 41). Plaintiff asserts that he should be afforded an adverse inference regarding the logbooks because Defendants did not produce the logbooks. The Court disagrees. "In the Eleventh Circuit, an adverse inference is drawn from a party's failure to preserve evidence only when the absence of that evidence is predicated on bad faith." Silver v. Countrywide Home Loans, Inc., 2012 WL 2052949 *3 (11th Cir. 2012) (quoting Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1310 (11th Cir. 2009)). Plaintiff has

made no showing that Defendants failed to produce the logbooks as a result of bad faith spoliation by Defendants. As a result, Plaintiff will not be afforded an adverse inference based on Defendants' failure to produce the logbooks.

Defendants contend that both of Mr. Kidd's opinions are speculative because Mr. Kidd has not seen the logbook entries. The Court agrees with Defendants that Mr. Kidd's opinion that Mr. Hancock violated the FMCSR by not keeping his logbook entries current is speculative. However, Mr. Kidd's opinion that Mr. Hancock likely violated the FMCSR by driving beyond the allowable number of hours is based on his calculation of the distance driven by Mr. Hancock in the time he drove it. (Doc. No. 34-1, pp. 43–46). Mr. Kidd admits that he does not have documents to support his opinion that Mr. Hancock likely violated the FMCSR by driving beyond the allowable number of hours. (Doc. No. 34-1, p. 46). However, Mr. Kidd's calculation testimony provides sufficient evidence for Mr. Kidd's opinion testimony to meet the reliability prong of the Frazier test.

This portion of Defendants' Motion is **GRANTED in part**. Mr. Kidd will not be allowed to testify that Mr. Hancock violated the FMCSR by not keeping his logbook entries current because such testimony is speculative. Mr. Kidd's testimony that Mr. Hancock likely violated the FMCSR by driving beyond the allowable number of hours is not speculative and is admissible unless otherwise objectionable.

**SO ORDERED**, this 4th day of December, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)